UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN JOHNSON,

        Plaintiff,

v.  Case No. 8:11-cv-186-T-33TBM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Thomas B. McCoun's Report and Recommendation (Doc. # 10), entered on November 9, 2011, recommending that the decision of the Commissioner of Social Security denying social security benefits be affirmed. Plaintiff Marvin Johnson filed Objections to Report and Recommendation of Magistrate (Doc. # 11) on November 23, 2011. Upon due consideration, the Court accepts the recommendation of the Magistrate Judge.

**I.**    **Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>,

681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

**II. Discussion**

Johnson was forty-nine years old at the time of his administrative hearing in February 2009. (Doc. # 10 at 1). He has a high school education and one year of vocational training, with past work experience as a circuit board assembler, machine operator and packager. (Id.). Johnson applied for disability benefits in April 2005 due to neck pain, finger cramps, pain in both hands, numbness, shaking in his left hand, pain in both wrists, upper and lower back pain, right leg shorter than left, and right ankle pain. (Id.).

Johnson's application was denied originally and on reconsideration. (Id. at 1-2). A de novo hearing was conducted

before an Administrative Law Judge (ALJ) on January 15, 2008. (R. 322-48). An unfavorable decision was issued on February 14, 2008. (R. 292-300). On November 14, 2008, the Appeals Council granted review, vacated the decision and remanded the case for further consideration. (R. 311-12). The administrative hearing on remand was conducted on February 3, 2009. (Doc. # 10 at 2).

At the hearing, Johnson testified that some of his medical problems had worsened since the prior hearing, and described the diagnoses and treatments he had received since that time. (Id. at 2-3). He further testified he could only sit for less than an hour at a time before needing to stand due to cramps in his neck and lower back. (Id. at 3). A vocational expert (VE) determined that Johnson could perform sedentary work with the ability to alternate sitting and standing every thirty minutes. (Id. at 4). Based upon this finding, the ALJ concluded that Johnson could perform his past work as a machine operator as well as other jobs. (Id. at 5).

In his Objections, Johnson reasserts his position that the ALJ mislabeled Johnson's work as an assembler in 2006 as past relevant work and that Johnson testified that he could only sit for less than one hour per eight-hour day, not alternately sit and stand in 30-minute intervals. (Doc. # 11

3

at 1-3). The Magistrate Judge found the ALJ's reference to Johnson's 2006 work to be harmless because the VE also found that Johnson could perform other jobs in the national economy. (Doc. # 10 at 9). The Eleventh Circuit has applied the harmless error rule to an ALJ's misstatement of evidence in a Social Security case. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983). The Magistrate Judge also found that the ALJ gave a fair reading to Johnson's testimony regarding the length of time he could sit. (Doc. # 10 at 11). This Court agrees with the Magistrate Judge's findings in this regard.

In November 2007, Dr. Finn, an orthopedic specialist, evaluated Johnson and found Johnson to be, in essence, disabled. (Id.). The ALJ gave Dr. Finn's opinion some but not controlling weight because it was based upon a single evaluation and was inconsistent with his own physical examination findings and overall record evidence. (Id.).

Johnson reasserts his argument that the ALJ did not give Dr. Finn's opinion proper weight, and that any evidence to the contrary predated Dr. Finn's evaluation by two years. (Doc. # 11 at 3-6). The Magistrate Judge carefully reviewed the whole of the medical evidence and found no error warranting remand on this claim. (Doc. # 10 at 14). This Court accepts and

4

adopts the Magistrate Judge's finding that the ALJ provided good cause to discount Dr. Finn's assessment.

Johnson also reasserts his argument that the ALJ failed to properly recognize all impairments, namely Johnson's hand tremor and muscle spasms. (Doc. # 11 at 6). Johnson argues that his hand tremor is a severe impairment that affects bilateral manual dexterity, and that an individual who lacks bilateral manual dexterity and is at the sedentary level of exertion should be found disabled. (Id. at 7). Further, Johnson argues that his muscle spasms are the cause of tremendous pain, which is a non-exertional impairment. (Id. at 8). The Magistrate Judge noted that the ALJ acknowledged these medical problems as severe impairments. (Doc. # 10 at 16). However, Johnson did not provide evidence of limited dexterity or an inability to perform minimal lifting. (Id.). Johnson also failed to demonstrate that his muscle spasms prevented him from performing sedentary work. (Id. at 17). The Magistrate Judge found that the ALJ adequately addressed both of these conditions and that Johnson offered no evidence sufficient to discount the ALJ's conclusions. (Id. at 18). This Court agrees with the Magistrate Judge's findings.

Finally, Johnson reasserts his position that the ALJ failed to properly analyze his pain. (Doc. # 11 at 9). The

5

Magistrate Judge correctly points out that subjective symptoms such as pain are evaluated according to a three-part standard in the Eleventh Circuit. (Doc. # 10 at 19). The claimant's subjective testimony must be supported by evidence of an underlying medical condition and objective evidence that confirms or raises a reasonable expectation of the severity of the subjective symptom. <u>Holt v. Sullivan</u>, 921 F.2d 1221, 1223 (11th Cir. 1991). The Magistrate Judge found that the ALJ applied the appropriate standard and fairly assessed Johnson's symptoms. (Doc. # 10 at 19-20). He further found that Johnson failed to demonstrate that the ALJ's conclusions were in error. (<u>Id.</u>). This Court agrees.

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving de novo review to matters of law, the Court accepts the factual findings and legal conclusions of the Magistrate Judge, and the recommendation of the Magistrate Judge.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) United States Magistrate Judge Thomas B. McCoun's Report and Recommendation (Doc. # 10), entered on November 9, 2011, is **ACCEPTED** and **ADOPTED.**

(2) The decision of the Commissioner of Social Security denying benefits is **AFFIRMED.**

(3) The Clerk is directed to enter judgment in favor of the Commissioner reflecting that the Commissioner's decision denying benefits is affirmed. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of December, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record